# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CERES PETTUS, } | |
| } | |
| Plaintiff } | |
| v. } | |
| } | Case No.: 2:16-CV-01263-RDP |
| FINE LINE RACING, INC. } | |
| and ERIC GRIFFIN, } | |
| } | |
| Defendants } | |

## MEMORANDUM OPINION

This case is before the court on the Motion for Entry of Default Final Judgment (Doc. # 32) and on the Motion for Entitlement to and Award of Attorney's Fees and Costs (Doc. # 33) both filed by Plaintiff Ceres Pettus ("Plaintiff"). After the Clerk's Entries of Default as to Defendants Eric Griffin ("Griffin") and Fine Line Racing, Inc. ("FLR") (collectively "Defendants") (Docs. # 24, 30), Plaintiff seeks a default judgment for damages in the amount of $40,446.00. (Doc. # 32). Plaintiff also requests attorney's fees and costs under 29 U.S.C. § 216(b) in the amounts of $5,495.00 and $619.40. (Doc. #33). For the reasons outlined below, the court finds that both motions (Docs. # 32, 33) are due to be granted.

## I. PROCEDURAL HISTORY

On August 3, 2016, Plaintiff filed this action against Defendants, seeking to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"),[1] 29 U.S.C. §201 *et seq.*

---

[1] Defendants were responsible for Plaintiff's hiring, termination, pay rate, overtime pay, work schedule, work duties, and supervision at the Birmingham Race Course. (Docs. # 1 at 2,5; # 2 at 4-5). From November 2013 until May 2016, Plaintiff was paid a flat weekly amount to clean Defendant's dog kennel and prepare dogs for races at the course. (*See id.*). Plaintiff asserts that she was not properly compensated for working more than forty hours per week. (*See id.* at 6). As such, Plaintiff contends she is owed $20,223 in unpaid overtime wages, as well as an equal amount of liquidated damages as a penalty. (Doc. # 32 at 2).

(Doc. # 1). Service by certified mail was requested pursuant to Federal Rule of Civil Procedure 4(e)(1) and Alabama Rule of Civil Procedure 4(i)(2). (Doc. # 3). The Clerk sent copies of the summons and complaint to Defendants on August 15, 2016. (Doc. # 4). The summons was returned executed as to Defendant Griffin on August 19, 2016, but Griffin failed to answer or otherwise respond to the complaint. Plaintiff filed a Motion for Entry of Default as to Defendant Griffin (Doc. # 6) on September 26, 2017. That motion (Doc. # 6) and a later amendment (Doc. # 9) were denied for failure to follow the requirements of 50 U.S.C. § 3931. (Doc. # 11).

As for Defendant FLR, the summons was returned as "unclaimed" on September 27, 2016, despite Plaintiff's attempts to serve FLR using both a process server and certified mail. (Docs. # 7, 10). The court allowed Plaintiff until December 5, 2016 to effectuate service on FLR. (Doc. # 11). When FLR had still not been served as of January 13, 2017, Plaintiff filed a Motion for Extension of Time, arguing that FLR was attempting to avoid service. (Doc. #16). However, three days after the motion was filed, the summons was returned executed as to FLR and the motion was deemed moot. (Docs. # 17, 18). Despite being properly served, FLR has failed to answer or otherwise respond to the complaint.

On April 4, 2017, Plaintiff filed a Motion for Entry of Default against FLR (Doc. # 22) and a new Motion for Entry of Default against Griffin (Doc. # 23). The Clerk of Court entered Defendant Griffin's default on April 7, 2017. (Doc. # 24). On April 10, 2017, the Motion for Entry of Default against Defendant FLR was denied without prejudice for failure to reissue the August 15, 2016 summons (Doc. # 4) after it was returned unexecuted on September 27, 2016 (Doc. # 7). (Doc. # 25). Plaintiff was ordered to serve Defendant FLR with a new alias summons before May 8, 2017 or face dismissal of the defendant. (*See id.*). Defendant FLR issued an alias

summons on May 4, 2017. (Doc. # 26). Plaintiff served Defendant FLR on May 19, 2017, and Defendant's answer was due on June 9, 2017. (Doc. # 28).

By June 23, 2017, Defendant FLR still had not filed an answer or response, and Plaintiff filed an amended Motion for Entry of Default against Defendant FLR. (Doc. # 29). On June 27, 2017, the Clerk entered default as to Defendant FLR. (Doc. # 30). On June 30, 2017, Plaintiff filed a Motion for Entry of Default Final Judgment as to Defendants (Doc. # 32) and a Motion for Entitlement to and Award of Attorney's Fees and Costs (Doc. # 33).

## II. ANALYSIS

Plaintiff seeks default judgment against both Defendants for the violations alleged in her complaint. Specifically, Plaintiff seeks: (1) actual and compensatory damages for unpaid minimum wages; (2) an equal amount in liquidated damages; (3) reasonable attorney's fees and costs of suit; and (4) further relief the court deems just. (Doc. # 1 at 9).

### A. Plaintiff's Motion for Entry of Default Judgment is Granted

Upon default, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because both Defendants failed to plead, answer, or otherwise respond to the complaint, default was entered by the Clerk of the Court as to Defendant Griffin on April 7, 2017 (Doc. # 24) and as to Defendant FLR on June 27, 2017 (Doc. # 30). Where, as here, Defendants have failed to appear, acknowledge, or otherwise defend the pendency of this lawsuit for over six months, entry of a default judgment is appropriate.

Once liability is established and upon a plaintiff's request including an affidavit showing the amount due, a final judgment may be entered by the court[2] without a hearing if the claim "is for a sum certain or a sum that can be made by computation." Fed. R. Civ. P. 55(b)(1); *see United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). "[A] plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010). In this case, Plaintiff's damages are calculated based on the standards set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, and Plaintiff's affidavit testimony indicating that she worked 70 hours a week for $10.71 an hour (or $750 per week). (Doc. # 32-1 at 2, 3). Because overtime compensation is to be set at "a rate not less than one and one-half times the [employee's] regular rate," *see* 29 U.S.C. § 207(a)(1), Plaintiff contends that she should have been paid $16.06 for every hour worked beyond forty hours a week and is due $20,223.00 in unpaid overtime wages. (*See id.* at 4). Plaintiff has adequately supported her damages by outlining her calculations of such, illustrating that the damages sought are "for a sum certain or a sum that can be made by computation." Fed. R. Civ. P. 55(b)(1). Accordingly, Plaintiff is entitled to $20,223.00 in unpaid overtime wages.

Plaintiff also moved for liquidated damages equal to her actual damages. "When the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in the same amount, which doubles the total damages awarded." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008); *see* 29 U.S.C. § 216(b). An exception exists, however, if the employer can successfully show that they acted in good faith and had reasonable

---

[2] Rule 55(b) permits the Clerk of Court to enter default when the party against whom judgment is sought has failed to plead or otherwise defend. In this district, however, it is the practice of the judges to reserve all decisions about entry of default judgment to the discretion of the particular judge to which a case is assigned.

grounds for believing that they were not in violation of the FLSA. 29 U.S.C. § 260; s*ee Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court must award a plaintiff liquidated damages that are equal in amount to actual damages."). Because Defendants failed to appear or otherwise respond to Plaintiff's service of process, Defendants failed to show that they acted in good faith. As such, Plaintiff is owed liquidated damages in an additional amount equal to her unpaid wages ($20,223.00), and judgment is due to be entered in the amount $40,446.00.

### B. Plaintiff's Motion for Attorney's Fees and Costs is Granted

Separately, Plaintiff's counsel, Jeremiah J. Talbott ("Talbott") seeks $5,495.00 in attorney's fees, as well as $619.40 in litigation costs. To justify the requested fee award, Plaintiff's Motion for Entitlement to and Award of Attorney's Fees and Costs (Doc. # 33) includes an affidavit by another attorney attesting to Talbott's legal experience and background. (Doc. # 33-1).

#### a. Standard of Review

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Such an award of attorney's fees must be based on a "lodestar," (i.e., hours reasonably expended multiplied by a reasonable hourly rate). *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In order to calculate the lodestar, the court must first determine the reasonable hourly rate under the circumstances. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). Talbott bears the burden to

5

produce "satisfactory evidence that the requested rate is in line with the prevailing market rates." *Id.* Satisfactory evidence requires "more than the affidavit of the attorney performing the work" but can be comprised of opinion evidence, so long as the opinion evidence includes testimony as to the skill, reputation, experience, and similarity of case and client between the comparator and the fee applicant. *Id.* Further, a court "is itself an expert on the question … and may form an independent judgment either with or without the aid of witnesses as to value," *Norman,* 836 F.2d at 1303 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). In the Eleventh Circuit, "reputation and experience are usually only proxies for skill" and "legal skill may be a function of experience, but that is not always the case." *Norman*, 836 F.2d at 1300.

The Supreme Court also requires the applicant to exercise "billing judgment" in the hours requested. *Hensley*, 461 U.S. at 434. Billable hours include "work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Auth.*, 847 F.2d 738, 738 (11th Cir. 1988). For "applicants that do not exercise billing judgment, courts are obliged to . . . cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise necessary.'" *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. at 434). However, the time must be "obviously and convincingly excessive" and the court must generally identify and explain any hours of work disallowed for the purposes of fee payment. *See, e.g.*, *Perkins,* 847 F.2d at 738; *Norman*, 836 F.2d at 1304.

### b. Plaintiff's Counsel Satisfied His Burden of Producing Satisfactory Evidence of a Reasonable Hourly Rate

Talbott requests an hourly rate of $350. In support of that rate, Talbott presented the court with the affidavit of attorney John C. Davis ("Davis"), a licensed attorney who has practiced in federal district courts for the past twenty-five years. (Doc. #33-2 at 1). Like Talbott, Davis's

work is largely comprised of labor and employment law, and Davis contends that both he and Talbott have "extensive experience in the area of wage and hour law." (*Id.* at 3). With regard to FLSA cases, Davis asserts that Talbott has created an "excellent reputation in the community" during his seventeen years of legal practice. Based on Davis's knowledge and experience, he opines a $350.00 fee is a reasonable rate for Talbott's work. Given Davis's testimony, the number of FLSA cases Talbott has litigated in this district, Talbott's twenty years of experience as a licensed attorney in Alabama, and the contingent nature of the fee for this case, this court agrees and finds $350.00 is a reasonable hourly rate. (Doc. #33 at 11-12).

### c. Plaintiff's Counsel Exercised Billing Judgment

Talbott's $5,495.00 fee award seeks compensation for 15.7 hours of work. (Doc. # 33-1 at 7-8). Given Talbott's efforts in meeting with his client, drafting a complaint, identifying and serving Defendants, and drafting and filing motions, 15.7 hours spent on this case is reasonable. (*See id.*). It is evident that Talbott made "a good faith effort to exclude from [his] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Accordingly, Plaintiff is entitled to the requested $5,495.00 in attorney's fees.

### d. Plaintiff's Costs and Expenses Are Reasonable

In addition to attorney's fees, Plaintiff seeks $619.40 in costs and expenses. Those costs include (i) $5.40 in postage, (ii) a $400.00 filing fee, and (iii) $214.00 in service fees. (Doc. # 33-1 at 8). A prevailing plaintiff in an FLSA case should receive "costs of the action." 29 U.S.C. § 216(b). However, those costs can be reduced if a court "state[s] a sound basis for doing so." *Chapman v. Al Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). In this case, these expenses were reasonable to file Plaintiff's claim and effectuate service of process on Defendants.

## III.     CONCLUSION

For the reasons explained above, Plaintiff's Motion for Entry of a Default Final Judgment against Defendants (Doc. # 32) and Plaintiff's Motion for Entitlement to and Award of Attorney's Fees and Costs (Doc. # 33) are both granted**.** An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 23, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE